IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:15-cr-00022-BLW-11 |
| ) | |
| v. ) | **REPORT AND** |
| ) | **RECOMMENDATION** |
| HERNAN ARTEAGA-SOLCHAGA, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

On July 7, 2015, Defendant appeared before the undersigned United States Magistrate Judge to enter a change of plea pursuant to a written plea agreement. Defendant executed a written waiver of the right to have the presiding United States District Judge take his change of plea. Thereafter, the Court explained to Defendant the nature of the charges, the maximum penalties applicable, his constitutional rights, the effect of the Sentencing Guidelines, and that the District Judge would not be bound by any agreement of the parties as to the penalty to be imposed. Further, the undersigned ordered a pre-sentence report.

Having conducted the change of plea hearing and having inquired of Defendant and his counsel, and counsel for the United States, the Court concludes that there is a factual basis for Defendant's plea of guilty, and that it was entered voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The

**REPORT AND RECOMMENDATION - 1**

undersigned also ordered a pre-sentence investigation to be conducted and a report prepared by the United States Probation Office.

On its own motion, the Court heard argument and proffer from counsel on whether Defendant's release should be continued pending sentencing, or whether he should be detained, and considered the same pursuant to the factors of 18 U.S.C. Section 3142. The Court ordered that Defendant's pre-trial release should be revoked, based upon the probation officer's report that the Defendant violated the condition of release prohibiting use or possession of controlled substances and the other information in the record, which persuades the Court that there are no conditions that would reasonably assure the appearance of the Defendant and the safety of the community.

In addition:

[X] Defendant has plead guilty to an offense in a case described in 18 U.S.C. § 3142(f)(1)(A), (B) or (C), which requires that Defendant be detained pending sentencing pursuant to 18 U.S.C. § 3143(a)(1), and the undersigned has determined that no exception exists to that requirement pursuant to 18 U.S.C. § 3143(a)(2).

[X] Therefore, upon the District Judge's acceptance of Defendant's guilty plea, as recommended herein, Defendant's detention shall convert from a pretrial detention to a mandatory presentence detention, pursuant to 18 U.S.C. § 3143. Defendant and his counsel were advised of the right to seek review of this decision under 18 U.S.C. § 3145.

**REPORT AND RECOMMENDATION - 2**

[ ] Until such date that Defendant surrenders, he remains subject to all conditions and requirements set forth in the Court's prior detention Order or Orders.

[ ] The Court heard argument and evidence as to whether "exceptional reasons" exist under 18 U.S.C. § 3145(c) to justify Defendant's release pending sentencing, notwithstanding the provisions of 18 U.S.C. § 3143. The Court rules and recommends, for the reasons stated on the record, that such exceptional reasons do exist. Accordingly, Defendant shall remain released pending sentencing, pursuant to all conditions and requirements set forth in the Court's prior detention Order or Orders.

**REPORT AND RECOMMENDATION - 3**

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1. The District Court accept Defendant's plea of guilty to Count One of the Superseding Information (Dkt. 183).

2. The District Court **GRANT**, at the appropriate time, the United States' motion to dismiss Count One of the Superseding Indictment (Dkt. 35) as to Defendant.

3. The District Court order forfeiture consistent with Defendant's admission to the Criminal Forfeiture allegation in the Superseding Information (Dkt. 183) and detailed in the Plea Agreement (Dkt. 181).

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: **July 7, 2015.**

Honorable Ronald E. Bush
U. S. Magistrate Judge